**DOROTHY K. GOODMAN, Plaintiff**

v.

**MARVIN R. GOODMAN, Defendant**

No. 75-664

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 19, 1976

HOFFMAN, *Judge*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for a hearing on February 25, 1976. Plaintiff appeared in her own person and through her attorney, Birch deJongh & Farrelly (Alexander A. Farrelly, Esq., of counsel). Defendant appeared in his own person and through his counsel, Howard K. Gibbs, Esq.

From the evidence and stipulations adduced at trial, the Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Court hereby finds:

1) That the plaintiff and defendant are residents and domiciliaries of the Virgin Islands, having resided in this district for more than six weeks prior to the filing of this suit;

2) That the parties were married on September 8, 1951, in Washington, D.C.;

3) That there is one (1) minor child of the marriage, to wit: Torrey Lisa Goodman, born January 22, 1960;

4) That, from all the evidence, there has been a breakdown of the marriage relationship of the parties to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved;

5) That the plaintiff is a fit and proper person to have custody of the minor child of the marriage;

6) That the parties have entered into an agreement disposing of all matters of support, property settlement and alimony; further, that such terms were entered on the record at the February 25, 1976, hearing as follows:

a) That the defendant shall contribute to the support of the minor child, Torrey Lisa Goodman, in the amount of $150.00 per month, commencing March 1, 1976 and further, shall continue to pay tuition for said child during her continued attendance at the Antilles School;

b) That the defendant shall contribute the sum of $150.00 per month, commencing March 1, 1976, to the adult child of the marriage, Kimberly Kay Goodman; provided that such payments shall cease upon said adult child's completion of her course of studies at the American University;

c) That the defendant shall contribute the sum of $350.00 per month during such future time that the minor child, Torrey Lisa Goodman shall attend college on a full time basis up to a period of four years;

115

d) That defendant shall provide that both Torrey Lisa Goodman and Kimberly Kay Goodman shall continue to be covered under defendant's health insurance purchased through his place of employment; further that plaintiff shall not be so covered;

e) That defendant shall deliver and sign over title and registration to the plaintiff of the Mazda automobile presently in plaintiff's possession;

f) That defendant shall waive any claim of right to the proceeds of the certificate of deposit in an unnamed Swiss bank presently in plaintiff's possession;

g) That plaintiff shall waive alimony and be forever barred therefrom;

h) That the parties shall bear their own costs and attorneys' fees.

## CONCLUSIONS OF LAW

The Court concludes as a matter of Law:

■ 1) That the Court has jurisdiction over these parties and over the subject matter of this action;

■ 2) That the parties are entitled to a Decree dissolving the marriage entered into by the parties on September 8, 1951;

3) That the plaintiff shall have the care, custody and control of the minor child of the marriage, to wit: Torrey Lisa Goodman, born January 22, 1960, subject to reasonable rights of visitation by the defendant;

4) That the terms and conditions of the stipulation between the parties which was entered into the record on February 25, 1975 shall have the force of law and shall be included in the Decree in this matter;

Let a Decree enter accordingly.

## DECREE

This matter came on for a hearing on February 25, 1976. The Court, having this day entered its Findings of Fact and Conclusions of Law in this matter and being satisfied that the Court has jurisdiction over the parties and the

116

subject matter of this action, hereby enters the following Decree:

## ORDERED, ADJUDGED AND DECREED

1) That the marriage entered into by the parties on September 8, 1951, is hereby dissolved;

2) That the plaintiff shall have the care, custody and control of the minor child of the marriage, to wit: Torrey Lisa Goodman, born January 22, 1960, subject to reasonable rights of visitation by the defendant;

3) That the defendant shall contribute to the support of the minor child, Torrey Lisa Goodman, in the amount of $150.00 per month, commencing March 1, 1976 and further, shall continue to pay tuition for said child during her continued attendance at the Antilles School;

4) That the defendant shall contribute the sum of $150.00 per month, commencing March 1, 1976, to the adult child of the marriage, Kimberly Kay Goodman, provided that such payments shall cease upon said adult child's completion of her course of studies at the American University;

5) That the defendant shall contribute the sum of $350.00 per month during such future time that the minor child, Torrey Lisa Goodman, shall attend college on a full-time basis up to a period of four years;

6) That defendant shall provide that both Torrey Lisa Goodman and Kimberly Kay Goodman shall continue to be covered under defendant's health insurance purchased through his place of employment; further that plaintiff shall not be so covered;

7) That defendant shall deliver and sign over title and registration to the plaintiff of the Mazda automobile presently in plaintiff's possession;

8) That defendant waives any claim of right to the proceeds of the certificate of deposit in an unnamed Swiss bank presently in plaintiff's possession;

9) That plaintiff having waived alimony and is forever barred therefrom;

10) That the parties shall bear their own costs and attorneys' fees.

It is so decreed.

## ON MOTION TO SET ASIDE DECREE

These motions came on for a hearing on May 12, 1976. Plaintiff appeared through her substituted counsel, Charles S. Waggoner II, Esq., and defendant appeared through his counsel, Howard K. Gibbs, Esq.

Plaintiff, through a Motion dated April 14, 1976, moves this Court to set aside its Decree in this matter dated April 5, 1976, to order a new trial and to allow another judge to hear all subsequent proceedings in this matter.

The Decree of this Court in this matter was entered on April 5, 1976 and was based *entirely* on the testimony of the plaintiff at the February 25, 1976, hearing in this matter and on the representations of plaintiff's and defendant's counsel as to the agreement of the parties. The questions of alimony, support, etc., were all determined by the stipulation of the parties.

After the hearing on February 25, 1976, the Court waited approximately six weeks for the proposed Findings of Fact and Conclusions of Law to be submitted by counsel. The preparation of proposed Findings and Conclusions by counsel, especially where Judgment is based on the stipulation of the parties, is a matter of courtesy and convenience to the parties. However, the Court's requesting such proposed Findings and Conclusions in no way restricts the Court's power to prepare and file its own

118

Findings and Conclusions based on the record. See Rules 52(a) and 58, F.R.C.P. Findings, Conclusions and a Decree were entered by the Court on April 5, 1976.

Basically, then, what we are presented with here is a request by plaintiff, now represented by different counsel than at trial, to be relieved from her stipulation to judgment. Plaintiff has raised in her motion and through her counsel's oral argument three points, which if proven, might entitle plaintiff to the relief she seeks: 1) that plaintiff's mental state on the date of trial was such that she was incapable of understanding the nature of the agreement reached with defendant; 2) that plaintiff's former counsel exceeded his authority and acted without plaintiff's consent in entering the agreement with defendant, and 3) that this Court, as a successor to the ecclesiastical courts and courts of chancery, should have rejected the stipulation of settlement of the parties as inherently inequitable and unfair to plaintiff and should have proceeded to hear the case fully on its merits.

The Court finds that plaintiff has failed to prove that her assent to the stipulation on February 25, 1976, was rendered inoperative by any impairment of her mental faculties. From a review of plaintiff's affidavit dated April 14, 1976 and the various medical records attached thereto, it would appear that plaintiff did suffer some degree of nervousness, stress and anxiety, both prior to and after the date of trial. No showing is made that these conditions were of such magnitude as to impair plaintiff's ability to act rationally. The Court is not at all surprised that a party to particularly bitter and drawn out divorce litigation such as this suffers some degree of nervous stress and anxiety, but a showing of much more than this would be in order to relieve plaintiff of the consequences of her assent at trial.

■ Secondly, the plaintiff failed to make any showing other than her own bald assertion, that her former counsel, Alexander A. Farrelly, Esq., exceeded his authority in negotiating the stipulation of settlement. In fact, the plaintiff's responses to her counsel's questioning at the February 25, 1976, trial belie such an assertion. Accordingly, the Court finds that plaintiff has failed to show that plaintiff's former counsel exceeded his authority in negotiating the settlement which was entered into the record at the February 25, 1976, trial.

Lastly, as to plaintiff's argument that the Court should have rejected the settlement agreement of the parties as clearly inequitable, the Court finds that the agreement here was far from inequitable as to plaintiff's interests. As a result of the settlement agreement, plaintiff received from defendant: 1) child support for one minor child of the marriage in the amount of $150.00 per month; 2) a contribution of $150.00 per month toward the support of one of the adult children of the marriage; 3) a contribution of $350.00 per month toward future expenses for the higher education of the minor child of the marriage; 4) health insurance coverage for the minor child and one of the adult children; 5) title to a Mazda automobile; 6) a waiver by defendant of any claim to a Certificate of Deposit of approximately $15,000.00, which sum represents the sole cash savings of the parties; 7) a waiver by defendant of any claim to the contempt fines levied against the plaintiff pursuant to the Judgment of Civil Contempt dated January 22, 1976 (said fines as of the date of trial totalled $11,500.00). Additionally, through a collateral agreement, defendant signed over his interest in the marital home of the plaintiff. For his part, defendant received a waiver of alimony from plaintiff and an agreement that the parties would bear their own costs and attorney's fees.

■ At trial on February 25, 1976, only the plaintiff's

testimony was presented. The testimony only concerned itself with the causes of the breakdown of the marriage and the stipulation of the parties. The Court was and is aware, however, of the relative financial positions of the parties from the two prior hearings in this matter on October 29, 1975 and January 21, 1976. Nothing alleged in the plaintiff's affidavit attached to the instant motion varies too substantially from the prior testimony. Under the totality of the circumstances, I do not find the settlement agreed to by the parties to be so inequitable as to require its rejection by the Court—in fact, I find it equitable on its face.

■ ■ One final word would seem to be in order. Plaintiff, in her affidavit attached to the instant motion, expresses great dissatisfaction with the terms of the agreement to which she assented at the February 25, 1976 trial. One particular section of the affidavit asserts: "At the present time I am over $1,500.00 in debt. I do not wish to invade the principal of the certificate of deposit as I have promised my children it is for their education. I have no other assets." The decision to use the approximately $15,000.00 for the children's education was the plaintiff's own choice. By her own actions, which resulted in her being cited for contempt by this Court, the plaintiff deposited these monies in an unnamed Swiss bank in trust for her children. If there is any inequity in this situation it falls on the defendant, who, through the wilfully contemptuous behavior of the plaintiff, was deprived of his right to a full adjudication of the parties' property rights. Similarly, at oral argument on this motion, plaintiff, through her counsel, complained that the Court had somehow failed to consider the real property interests of the parties and that as a result, collateral litigation had to be instituted. Defendant testified at the contempt hearing on January 21, 1976, that he had, at the request of the plaintiff, signed over

his interest in the marital home and he did so against the advice of counsel. Plaintiff now alleges that the home has been deeded back to her own parents (who held the original mortgage note on the property), but fails to mention whether or not she and her child are still in possession of said premises, and if so, under what arrangements, and who is now entitled to the rent of $200.00 for the rental apartment on the premises. The Court assumes that if plaintiff had been evicted from the premises and was without a place to live with her one minor child that she would have included such an allegation in her extensive affidavit.

The Court finds that plaintiff has made no showing entitling her to a new trial and, consequently, her motion for same is hereby DENIED. Additionally, plaintiff's motion to allow another judge to hear all subsequent proceedings in this cause is DENIED without prejudice to said motion being raised if subsequent proceedings are required. For the record, the Court notes that plaintiff has failed to present any evidence that would require or argue for recusal. The Decree of this Court in this cause dated April 5, 1976, shall remain in full force and effect.

It is so ordered.